UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

LOUISE DUSON ,

       Plaintiff,                           DEMAND FOR JURY TRIAL

-vs-                                   Case No.
                                       Hon.

NELNET SERVICING, LLC,

       Defendant.

## COMPLAINT & JURY DEMAND

### Jurisdiction

1.     This Court has federal question jurisdiction as this case is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

2.     This Court may take supplemental jurisdiction over any state law or common law claims set forth herein as all the claims in this lawsuit arise out of a common nucleus of operative fact.

### Venue

3.     The transactions and occurrences which give rise to this action occurred in Wayne County.

4.     Venue is proper in the Eastern District of Michigan.

### Parties

5.     Louise Duson resides in Detroit, Michigan.

6.     Louise Duson is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

7.     The Defendant to this action is Nelnet Servicing, LLC ("Nerlnet"),  a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA") 15 USC §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## General Factual Allegations

8.     On April 19, 2011 and on May 17, 2011, the Defendant sent Ms. Duson letters which indicated that Defendant believed that Ms. Duson co-signed for one or more student loans.

9.     Ms. Duson never co-signed for any student loan.

10.    Plaintiff discovered false information on her consumer reports; specifically Defendant was reporting that Ms. Duson was obligated on student loans ('the false information").

11.    Ms. Duson disputed that false information by transmitting actual notice of her dispute along with an adequate description and explanation to all of the major credit reporting agencies.

12.    Ms. Duson requested that the credit reporting agencies reinvestigate and correct the information as envisioned by 15 U.S.C. § 1681i.

13.    Ms. Duson's request for reinvestigation included sufficient information to provide actual notice that the subject credit information was inaccurate and the source of information was not reliably reporting a legitimate debt.

14.    All three credit reporting agencies responded to this dispute from Ms. Duson by requesting verification of the subject false information from Nelnet.

15.    Nelnet responded to the reinvestigation request by verifying the  false credit information.

2

16.     Nelnet failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was
        willful.

17.     In fact, upon information and belief, Nelnet did absolutely nothing to reinvestigate.

18.     As a result of Nelnet's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has
        suffered and continues to suffer damages.

### COUNT I – Fair Credit Reporting Act (Nelnet)

19.     Ms. Duson incorporates the preceding allegations by reference.

20.     Nelnet was required under 15 U.S.C. § 1681s-2(b), to respond to the request for
        reinvestigation initiated by Ms. Duson through one or more credit reporting agencies by
        completing an inquiry into the facts underlying the trade-line and providing accurate
        information to the credit reporting agencies regarding that trade-line.

21.     In the event that Nelnet was unable to verify the information which it had reported, Nelnet
        was required to advise the credit reporting agency of this fact.

22.     Following the reinvestigation, Nelnet reported the erroneous credit information with actual
        knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

23.     Following the reinvestigation, Nelnet reported the erroneous credit information and
        consciously avoided knowing that the credit information was inaccurate, in violation of the
        FCRA, 15 U.S.C. § 1681s-2(b).

24.     Following the reinvestigation and dispatch of notice directly to Nelnet, Nelnet reported credit
        information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

2:11-cv-14078-NGE-MJH   Doc # 1   Filed 09/19/11   Pg 4 of 7   Pg ID 4

25.     Following the reinvestigation and dispatch of direct notice to Nelnet, Nelnet failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

26.     Nelnet willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Ms. Duson's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

27.     In the alternative, Nelnet negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

28.     Nelnet willfully refused to properly reinvestigate the inaccuracies in Ms. Duson's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

29.     In the alternative, Nelnet negligently failed to conduct a proper reinvestigation of Ms. Duson's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

30.     Ms. Duson has suffered damages as a result of these violations of the FCRA.

## COUNT  II – Intentional Infliction of Emotional Distress (Nelnet)

31.     Plaintiff  incorporates the preceding allegations by reference.

32.     Nelnet's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

33.     Nelnet intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

34.     Nelnet's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

35.     Plaintiff has suffered damages as a result of the conduct of Nelnet.

4

## COUNT  III – Negligence (Nelnet)

36.     Plaintiff incorporates the preceding allegations by reference.

37.     Nelnet owed Plaintiff  a duty to refrain from unreasonable conduct which could foreseeably

cause damage to Plaintiff's person or property.

38.     Plaintiff  holds a property interest in her good name, credit worthiness, and reputation.

39.     Nelnet's publication of false and inaccurate credit information on Plaintiff's credit report was

unreasonable.

40.     Plaintiff  has suffered foreseeable damages as a result of this unreasonable publication of

false and inaccurate credit information by Nelnet.

## COUNT  IV– Negligence *Per Se* – (Nelnet)

41.     Plaintiff incorporates the preceding allegations by reference.

42.     Nelnet's actions in publishing false and inaccurate credit information on Plaintiff's credit

report was in violation of express duties under the FCRA.

43.     Those unreasonable actions were *per* se unreasonable.

44.     Plaintiff  has suffered damages as a result of this *per se*  unreasonable publication of false

and inaccurate credit information by Nelnet.

## COUNT  IV – Defamation by Libel (Nelnet)

45.     Plaintiff  incorporates the preceding allegations by reference.

46.     Nelnet's written publications of the trade lines on Plaintiff's credit report were false and

defamatory.

47.     Nelnet's publications were not privileged communications.

48.     Nelnet's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

49.     The statements were *per se* defamatory.

50.     Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

51.     Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT  V – Malicious Statutory Libel (Nelnet)

52.     Plaintiff incorporates the preceding allegations by reference.

53.     The inaccurate credit information was published with malice or ill-will.

54.     Plaintiff has suffered damages as a result of this malicious libel by Nelnet in violation of M.C.L. § 600.2911.

55.     Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## Demand for Jury Trial

56.     Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

*ACCORDINGLY, Mrs. Duson requests that this Court:*

*a.      Assume jurisdiction over all claims;.*

*b.      Award actual damages.*

*c.      Award statutory damages.*

*d.      Award punitive damages.*

6

e.      *Award statutory costs and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:      s/ Adam G. Taub
          Adam G. Taub (P48703)
          Attorney for Louise Duson
          17200 West 10 Mile Rd. Suite 200
          Southfield, MI 48075
          Phone: (248) 746-3790
          Email: adamgtaub@clgplc.net

Dated: September 19, 2011

7